# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR02-0056-LRR |
| vs. | **ORDER** |
| JEMERE LAMARR FRAZIER, | |
| Defendant. | |

This matter comes before the court on its own motion.[1] In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

---

[1] At the court's request, the United States Probation Office prepared a memorandum that, among other things, addresses the defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2).

On November 1, 2007, the Sentencing Commission issued Amendment 706, as amended by Amendment 711, to USSG §2D1.1. *See generally* USSG App. C at www.ussc.gov. Amendment 706 generally reduces by two levels the offense level that is applicable to cocaine base ("crack") offenses. On December 11, 2007, the Sentencing Commission voted to apply Amendment 706 retroactively to crack offenses, and it set March 3, 2008 as the date that Amendment 706 could be applied retroactively. The Sentencing Commission also promulgated amendments to USSG §1B1.10, which sets forth the conditions that must exist before a defendant is entitled to a sentence reduction as a result of an amended guideline range. *See generally* USSG App. C at www.ussc.gov. New USSG §1B1.10 took effect on March 3, 2008 and, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The Sentencing Commission included Amendment 706 within subsection (c). USSG §1B1.10(c).

Nevertheless, the court is unable to rely on Amendment 706 to reduce the defendant's sentence. *See generally United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997) (explaining requirements under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10). Because the parties entered into an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) (previously Fed. R. Crim. P. 11(e)(1)(C)), the court is bound by the previously imposed term of 87 months imprisonment. *See* Fed. R. Crim. P. 11(c)(1)(C) (stating that parties' agreement regarding specific sentence binds the court once the court

accepts the plea agreement); *see also* Fed. R. Crim. P. 11(e) (explaining that plea may not be withdrawn and plea may be set aside only on direct appeal or collateral attack). Accordingly, the court concludes that a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not warranted. *Cf. United States v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004) (concluding Federal Rule of Criminal Procedure 11(c)(1)(C) generally precludes a district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(c)(2)); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) (concluding defendant could not rely on 18 U.S.C. § 3582(c)(2) because he entered a plea agreement that specified a term of imprisonment); *see also United States v. Brown*, 71 Fed. Appx. 383, 384 (5th Cir. 2003) (holding 18 U.S.C. § 3582(c)(2) does not apply because court imposed sentence in accordance with Federal Rule of Criminal Procedure 11(e)(1)(C), now Federal Rule of Criminal Procedure 11(c)(1)(C)); *United States v. Olvera-Garcia*, 60 Fed. Appx. 221, 223 (10th Cir. 2003) (same); *United States v. McKenna*, 1998 U.S. App. LEXIS 808 (9th Cir. 1998) (stating that relief under 18 U.S.C. § 3582(c)(2) is unavailable because defendant's sentence was predicated on an agreed upon sentence, not a sentencing range); *United States v. Hemminger*, 1997 U.S. App. LEXIS 10643 (7th Cir. 1997) (same).

The Clerk of Court is directed to send a copy of this order to the United States, the defendant and the Federal Public Defender.

**IT IS SO ORDERED**.

**DATED** this 8th day of May, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA